**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gustavo MARTINEZ–VASQUEZ,**
**Defendant–Appellant.**

**No. 06–50733**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 28, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Jeffrey S. Mahl, Del Rio, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Gustavo Martinez–Vasquez appeals from his jury-trial conviction of conspiracy to

---

* Pursuant to 5TH CIR. R. 47.5, the court has    determined that this opinion should not be

possess with the intent to distribute more than 100 kilograms of marijuana and possession with the intent to distribute more than 100 kilograms of marijuana. He argues that the evidence was insufficient to support the jury's finding that the he knew that the car in which he was traveling as a passenger contained marijuana. Martinez–Vasquez preserved this issue for de novo review. *See United States v. Peñaloza–Duarte,* 473 F.3d 575, 579 (5th Cir.2006).

In addition to hearing testimony that Martinez–Vasquez attempted to evade arrest once the car stopped, the jury heard testimony that (1) Martinez–Vasquez possessed a phone book containing the names and numbers of other subjects of the investigation; (2) Martinez–Vasquez helped to load the boxes of marijuana into the car; and (3) the car had a strong odor of marijuana. Viewing this evidence in the light most favorable to the verdict, a rational jury could have found Martinez–Vasquez's knowledge of the marijuana beyond a reasonable doubt. *See United States v. Mireles,* 471 F.3d 551, 555–56 (5th Cir.2006); *United States v. Flores,* 564 F.2d 717, 718–19 (5th Cir.1977).

AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ.